NUMBER 13-05-009-CV


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DAVID STERLING, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 135th District Court of Calhoun County, Texas


 


O P I N I O N



Before Justices Hinojosa, Rodriguez, and Garza


Opinion by Justice Garza


 This appeal arises from a civil forfeiture proceeding involving the seizure of David
Sterling's home. The trial court granted the State's motion for summary judgment against
Sterling, who now appeals by three issues. 

 In his third issue, Sterling contends that the trial court erred by granting the
summary judgment because the State failed to prove its entitlement to judgment as a
matter of law. The State's motion for summary judgment argued that the facts were
without dispute and that the evidence showed as a matter of law that Sterling had
committed felony possession of narcotics in his home. Having reviewed the record, we
conclude that the State presented the trial court with a correct statement of the undisputed
facts and we further conclude that appellant does not dispute the facts on appeal. (1) There
being no dispute that Sterling committed felony possession of narcotics in his home, the
question before this Court is whether such facts are sufficient to prove that Sterling's home
is "contraband" within the meaning of the civil forfeiture statute and, if so, whether the State
established its "probable cause" to seize the home. (2) 

 To begin, we note that there is no allegation here that Sterling's home was
purchased or otherwise acquired from proceeds generated from the distribution or sale of
illegal narcotics. The only basis argued for forfeiting the home is that Sterling was found
in possession of drugs in his home and that he admitted to being a drug addict and using
drugs continuously in his home. (3) Based on these facts, we cannot conclude that the State
carried its burden of proving that Sterling's home is "contraband" within the meaning of the
civil forfeiture statute.

 The intent of the legislature in passing and amending the Controlled Substances Act
was "to facilitate forfeitures of assets used by drug dealers." (4) Thus, whether property is
"contraband" and therefore subject to forfeiture depends on whether the State has
produced sufficient evidence to prove that the property was "used" or "intended to be used"
in the commission of one of the enumerated felonies. (5) 

 In this case, the evidence of "use" is so meager that we cannot conceive of a
possession case occurring in a domestic setting that would not involve the same "use"
shown here. Under the State's interpretation of the law, any possession of drugs at home
is "use" of the home under the statute and subjects the home to seizure and forfeiture as
contraband. This rule of law would be inordinately and indiscriminately broad and would
effectively abrogate the statute's clear requirement that property be "used" or "intended to
be used" in the commission of one of the enumerated felonies. Other decisions in
forfeiture cases involving homes have emphasized evidence that specifically related to use
of the home. (6) Such evidence is conspicuously absent from the summary-judgment record
in this case. 

 Appellant's third issue is sustained. Because appellant's first two issues would not
entitle him to relief greater than what we have already granted in sustaining his third issue,
we do not address them. (7) The case is remanded for further proceedings not inconsistent
with this opinion. 


 

 _________________________ 

 DORI CONTRERAS GARZA, 

 JUSTICE

 

Opinion delivered and filed 

this the 24th day of August, 2006. 
1. - 
 ' ' 
-- 
 ' ' 
 ' '
 ' 
 
 
 -- 
 ' 
 
2. 
" '
" -- 
 " 
 "
3. 
 
 
4. - 
5. 
 " "
6. -- 
 " " 
 -- 
 " " 
7.